UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                Plaintiff,

-against-

DELL; JASON MAYS, DEPUTY DIRECTOR,

                Defendants.

22-CV-7571 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Due to Plaintiff's continued filing of vexatious and non-meritorious actions, she is barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Lewis v. Wolfe*, No. 1:21-CV-6949, 7 (S.D.N.Y. Nov. 16, 2021).[1] Plaintiff files this new *pro se* case, invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. She alleges that "Dell is constantly in [her] computer remotely and ruined it," and she seeks a "$1500 refund." (ECF 3 at 5-6.)

      Plaintiff seeks leave to proceed IFP in this matter. (ECF 1.) She also requests leave from the Court to file this action, on the ground that her claims that "Dell hacked into [her] computer" have "never been raised and disposed of on the merits by any federal court." (ECF 2 at 1.) The Court denies Plaintiff leave to proceed without prepayment of the filing fee in this matter because this suit does not represent a departure from Plaintiff's pattern of frivolous and non-meritorious litigation. The Court therefore dismisses this action without prejudice.

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

---

[1] Plaintiff is also subject to other prefiling injunctions. *See Lewis v. Cnty. of Orange*, N.Y., No. 16-4082 (2d Cir. May 18, 2018) (No. 77) (holding that Lewis must seek leave in order to appeal because of her history of frivolous, vexatious, and "clearly meritless appeals."); *Lewis v. Epstein*, ECF 1:14-CV-9404, 8 (S.D.N.Y. July 29, 2015) (finding that Lewis is barred under 28 U.S.C. § 1915(g) from filing any new civil action IFP while she is a prisoner).

the docket. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated: September 6, 2022
New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge